UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.

---

PORTSIDE GROWTH AND OPPORTUNITY FUND,

                Plaintiff,

-against-

GLOBAL ePOINT, INC.,

                Defendant

Case No.
07 CV 7834
(SHS)(RLE)

COMPLAINT

ECF CASE

---

Plaintiff Portside Growth and Opportunity Fund, by its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for its Complaint alleges:

### The Parties

1. Plaintiff Portside Growth and Opportunity Fund ("Plaintiff") is a corporation formed under the laws of the Cayman Islands, with its principal offices located in the Cayman Islands.

2. Defendant Global ePoint, Inc. ("Defendant") is a corporation formed under the laws of the state of Nevada, with its principal place of business in Los Angeles, California.

### Jurisdiction and Venue

3. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) because this is a dispute between citizens of a state and citizens of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, the Court has supplemental jurisdiction over the action pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (2). Additionally, all parties have consented to venue pursuant to, among other things, the terms of

the Securities Purchase Agreement, dated as of June 2, 2005, by and among Defendant, Plaintiff (as successor in interest to Omicron Master Trust ("Omicron")) and the other purchasers party thereto (the "Series C Purchase Agreement," a copy of which is attached hereto as Exhibit A), and the Securities Purchase Agreement, dated as of May 23, 2006, by and among Defendant, Plaintiff (as successor in interest to Omicron) and the other purchasers party thereto (the "Series E Purchase Agreement," a copy of which is attached hereto as Exhibit B).

## Background

5.   In or about June 2005, Defendant issued shares of Series C Preferred Stock (the "Series C Shares") to Omicron, as a purchaser, pursuant to the Series C Purchase Agreement and a Registration Rights Agreement dated as of June 2, 2005 (the "Series C Registration Rights Agreement," a copy of which is attached hereto as Exhibit C).

6.   In or about May 2006, Defendant issued shares of Series E Preferred Stock (the "Series E Shares") to Omicron, as a purchaser, pursuant to the Series E Purchase Agreement and a Registration Rights Agreement dated as of May 23, 2006 (the "Series E Registration Rights Agreement," a copy of which is attached hereto as Exhibit D).

7.   The terms of the Series C Shares and the Series E Shares, each of which is convertible into shares of Defendant common stock, $0.03 par value per share ("Common Stock"), are set forth in the Certificate of Designations of Rights and Preferences of Series C Convertible Preferred Stock (the "Series C Certificate of Designations," a copy of which is attached hereto as Exhibit E) and the Certificate of Designations of Rights and Preferences of Series E Convertible Preferred Stock (the "Series E Certificate of Designations," a copy of which is attached hereto as Exhibit F), respectively.

8. The Series C Certificate of Designations was filed with the secretary of state of the State of Nevada in or about June 2005.

9. The Series E Certificate of Designations was filed with the secretary of state of the State of Nevada in or about May 2006.

10. On or about June 27, 2006, Plaintiff, for good and valuable consideration, purchased 46,768 Series C Shares and 11,505 Series E Shares then held by Omicron, and succeeded to Omicron's rights with respect to such shares under the Series C Purchase Agreement, the Series E Purchase Agreement, the Series C Certificate of Designations, the Series E Certificate of Designations, the Series C Registration Rights Agreement, the Series E Registration Rights Agreement and the other transaction documents associated with the issuance of the Series C Shares and the Series E Shares by Defendant.

11. At the time of the closing of the transactions contemplated by each of the Series C Purchase Agreement and Series E Purchase Agreement, shares of Common Stock of Defendant were listed for trading on the NASDAQ Capital Market.

First Claim for Relief
(Breach of Certificates of Designations)

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint.

13. Section 10(a) of the Series C Certificate of Designations provides as follows:

> During the first fifteen (15) Trading Days following the occurrence of a <u>Triggering Event</u>, each Holder shall have the option to elect, by notice to the Corporation (an "Event Notice"), to require the Corporation to repurchase all or any portion of the Series C Preferred Stock then held by such Holder, at a price per share equal to the Stated Value plus all accrued but unpaid dividends thereon through the date of payment. The aggregate amount payable pursuant to the preceding sentence is referred to as the "Event Price". <u>The Corporation shall pay the aggregate Event Price to each Holder no later than the sixtieth day following the date of the delivery of the Event Notice</u> . . . . (emphasis added)

14.     Section 10(a) of the Series E Certificate of Designations contains an identical provision applicable to the Series E Shares.

15.     Pursuant to Exhibit A to the Series C Certificate of Designations, "Triggering Event" is defined, in relevant part, as follows:

> "Triggering Event" means any of the following events: . . . (b) the Common Stock is not listed or quoted or is suspended from trading, on an Eligible Market for a period of seven consecutive Trading Days or for a period of twenty Trading Days (which need not be consecutive Trading Days) in any 12 month period; . . . (f) the Corporation fails to make any cash payment required under the Transaction Documents and such failure is not cured within ten Trading Days after notice of such default is first given to the Corporation by a Purchaser....

16.     Exhibit A to the Series E Certificate of Designations contains an identical definition of "Triggering Event."

17.     Effective on September 19, 2006, the Common Stock ceased to be listed or quoted on an Eligible Market (as defined in the Series C Certificate of Designations and the Series E Certificate of Designations) and continued to be unlisted for a period of seven consecutive Trading Days (as defined in the Series C Certificate of Designations and the Series E Certificate of Designations).

18.     Pursuant to Section 9(b)(i) of the Series C Certificate of Designations, beginning on March 2, 2006 and on the first business day of each month thereafter, Defendant was required to redeem $1/30^{th}$ of the original principal amount of the Series C Shares at a price equal to 100% of their stated value, plus all accrued but unpaid dividends thereon to the date of payment (each a "Series C Mandatory Redemption Payment").

19.     Pursuant to Section 9(b)(i) of the Series E Certificate of Designations, beginning on September 23, 2006 and on the first Trading Day of the calendar quarter commencing September 1, 2006 and on the first Trading Day of each of the next eight calendar quarters

thereafter, Defendant was required to redeem 8.333% of the Series E Shares at a price equal to 100% of their stated value, plus all accrued but unpaid dividends thereon to the date of payment (each a "Series E Mandatory Redemption Payment" and, together with the Series C Mandatory Redemption Payments, the "Mandatory Redemption Payments").

20. Defendant has failed to make any Mandatory Redemption Payments to Plaintiff.

21. By letter dated November 21, 2006, Plaintiff gave and delivered notice to Defendant (the "Event Notice") that as a result of the delisting of the Common Stock, a Triggering Event as defined in the Series C Certificate of Designations and the Series E Certificate of Designations had occurred. The Event Notice also gave Defendant notice that if Defendant failed to make the late Mandatory Redemption Payments to Plaintiff within ten Trading Days of the date of the Event Notice, such failure would be an additional Triggering Event under the Series C Certificate of Designations and the Series E Certificate of Designations entitling Plaintiff to require Defendant to repurchase its Series C Shares and Series E Shares. Defendant never made the late Mandatory Redemption Payments, resulting in an additional Triggering Event.

22. As a result of these Triggering Events, and pursuant to Section 10 of the Series C Certificate of Designations, Defendant was required to repurchase all of the Series C Shares (46,768) then held by Plaintiff at a price per share equal to $2.80, for a total price of $130,950.40, and to pay Plaintiff for all accrued but unpaid dividends thereon through the date of payment (the "Series C Event Price").

23. The accrued and unpaid dividends on the Series C Shares held by Plaintiff, as of September 4, 2007, are $7,944.32.

24. Pursuant to Section 10 of the Series C Certificate of Designations, Defendant was required to pay to Plaintiff the Series C Event Price no later than the sixtieth day following the date of delivery of the Event Notice.

25. As a result of these Triggering Events, and pursuant to Section 10 of the Series E Certificate of Designations, Defendant was required to repurchase all of the Series E Shares (11,505) then held by Plaintiff at a price per share equal to $50.00, for a total price of $575,250.00, and to pay Plaintiff for all accrued but unpaid dividends thereon through the date of payment (the "Series E Event Price", and together with the Series C Event Price, the "Event Prices").

26. The accrued and unpaid dividends on the Series E Shares held by Plaintiff, as of September 4, 2007, are $57,466.20.

27. Pursuant to Section 10 of the Series E Certificate of Designations, Defendant was required to pay to Plaintiff the Series E Event Price no later than the sixtieth day following the date of delivery of the Event Notice.

28. Despite due demand and the expiration of the sixty-day period, Defendant has failed to pay to Plaintiff the Event Prices.

29. By reason of the foregoing, Plaintiff has been damaged in an amount equal to at least $771,610.92 (the aggregate Event Prices as of the date of this Complaint) plus any dividends continuing to accrue but remaining unpaid on the Series C Shares and the Series E Shares held by Plaintiff.

Second Claim For Relief
(Breach of Series C Registration Rights Agreement)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint.

31. Pursuant to Section 2(a) of the Series C Registration Rights Agreement, Defendant was required to prepare and file with the Securities and Exchange Commission ("SEC") a shelf registration statement (the "Series C Registration Statement") covering the resale of the Common Stock underlying the Series C Shares by July 15, 2005. Defendant did not file the Series C Registration Statement with the SEC until August 22, 2005.

32. Defendant's failure to file timely the Series C Registration Statement constitutes an "Event" pursuant to Section 2(c)(i) of the Series C Registration Rights Agreement.

33. Pursuant to Section 2(a) of the Series C Registration Rights Agreement, Defendant was required to cause the Series C Registration Statement to be declared effective by the SEC prior to August 31, 2005. The Series C Registration Statement was not declared effective by the SEC until October 14, 2005.

34. Defendant's failure to cause the Series C Registration Statement to be declared effective in a timely manner constitutes an "Event" pursuant to Section 2(c)(iv) of the Series C Registration Rights Agreement.

35. Additionally, the delisting of the Common Stock referred to above constitutes an "Event" pursuant to Section 2(c)(v) of the Series C Registration Rights Agreement.

36. Pursuant to Section 2(c) of the Section C Registration Rights Agreement, Defendant is obligated to pay Plaintiff as partial liquidated damages, on account of each and every Event, an amount equal to 1% of the aggregate purchase price paid by Plaintiff pursuant to the Series C Purchase Agreement on the date of each Event and on each monthly anniversary of each such date until the applicable Event is cured. If Defendant has not paid any liquidated damages in full within seven days after the date payable, Defendant is obligated to pay interest

thereon to Plaintiff at a rate of 12% per annum, accruing daily from the date such liquidated damages are due until such amounts, plus all interest thereon, are paid in full.

37.   By reason of the foregoing, Plaintiff has been damaged in an amount, as of the date hereof, of $24,509.46 for Plaintiff's Series C Shares.

### Third Claim For Relief
### (Breach of Series E Registration Rights Agreement)

38.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint.

39.   Pursuant to Section 2(a) of the Series E Registration Rights Agreement, Defendant was required to cause a shelf registration statement (the "Series E Registration Statement") covering the resale of the Common Stock underlying the Series E Shares to be declared effective by the SEC prior to August 21, 2006. Upon information and belief, the Series E Registration Statement has not been declared effective by the SEC.

40.   Defendant's failure to cause the Series E Registration Statement to be declared effective in a timely manner constitutes an "Event" pursuant to Section 2(c)(iv) of the Series E Registration Rights Agreement.

41.   Additionally, the delisting of the Common Stock referred to above constitutes an "Event" pursuant to Section 2(c)(v) of the Series E Registration Rights Agreement.

42.   Pursuant to Section 2(c) of the Section E Registration Rights Agreement, Defendant is obligated to pay Plaintiff as partial liquidated damages, on account of each and every Event, an amount equal to 1% of the aggregate purchase price paid by Plaintiff pursuant to the Series E Purchase Agreement on the date of each Event and on each monthly anniversary of each such date until the applicable Event is cured. If Defendant has not paid any liquidated damages in full within seven days after the date payable, Defendant is obligated to pay interest

thereon to Plaintiff at a rate of 12% per annum, accruing daily from the date such liquidated damages are due until such amounts, plus all interest thereon, are paid in full.

43. By reason of the foregoing, Plaintiff has been damaged in an amount, as of the date hereof, of $153,107.51 for Plaintiff's Series E Shares.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor against Defendant as follows:

A. On the first claim, at least $771,610.92, as of the date of the Complaint, plus any dividends on the Series C Shares and Series E Shares held by Plaintiff continuing to accrue but remaining unpaid, plus interest, costs and attorneys' fees; and

B. On the second claim, at least $24,509.46, plus interest, costs, and attorneys' fees; and

C. On the third claim, at least $153,107.51, plus interest, costs, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Dated: New, York, New York
September 4, 2007

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Thomas J. Fleming (TF 4423)
Joshua S. Androphy (JA 1481)
*Attorneys for Plaintiff*
*Portside Growth and Opportunity Fund*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300